TITLE GUARANTEE & TRUST COMPANY *v.* FREDERICK T. BEDFORD ET ALS. (1655).

TITLE GUARANTEE & TRUST COMPANY *v.* FREDERICK T. BEDFORD ET ALS. (1656).

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 7—decided April 5, 1939.

*Arthur M. Comley,* for the plaintiff.

*Warren F. Cressy,* for the defendants.

AVERY, J.   Edward T. Bedford and his wife, Mary A. Bedford, created seven voluntary irrevocable trusts of which the plaintiff is trustee.   Mr. Bedford also created a testamentary trust.   The value of the assets in all the trusts is more than twenty million dollars. The plaintiff, as trustee under the trusts, brought these actions to obtain the advice of the court as to the power to invest in preferred and common stocks in view of a provision concerning investments contained in the trust instruments.   In each of the trust instruments the directions to the trustee with respect to investments are to "invest and reinvest said fund in such securities as may be lawful for investment for trustees under the laws of the State of Connecticut and in securities of the following character and description," and then follow ten additional classes of securities, and among them the following: "Preferred shares of industrial corporations, upon which the full prescribed dividend shall have been paid each year for the five years next preceding such investment." "Stock of corporations upon which cash dividends of not less than four per centum per annum on the par value thereof shall have been paid each year for the five years next preceding such investment."   The questions upon which the plaintiff desires the advice of the court are: (A) "May the trustee purchase shares of an issue of preferred stock which has regularly paid the prescribed dividend but which has been outstand-

ing less than five years, provided, it has replaced a previous issue of preferred stock, which, while outstanding, paid the prescribed dividend regularly over a period of years extending back to a date five years prior to the date of purchase," and (B) "Is the trustee confined in its purchase of common stocks to shares of stock having a stated par value, or may the trustee purchase common stocks having no stated par value provided that the amount of invested capital attributable to such issue of no par value stock can be definitely ascertained."

The referee has found that in many instances corporations with sound issues of common stock having a stated par value have called in such stock and issued in place thereof stock having no par value without in any manner having changed the value of the security as an investment. Eliminating those stocks which have no stated par value there are approximately forty issues of common stock available for purchase of which twenty-seven are considered suitable by the trustee or beneficiary for investment purposes. Of these twenty-seven approximately one-half are issues by companies engaged in the tobacco and food industries, which has the practical effect of limiting the attempts of the trustee to secure a diversification of investments. Because of the large sums of money invested in these trusts, common stocks having a stated par value no longer offer a wide field for investment or diversification of investment. If the trustee is permitted to purchase common stocks having no stated par value the field for investment and the opportunity for diversification will be approximately doubled. There are relatively few good issues of preferred stock which have been outstanding five years or more available to the trustee for investment purposes. A large number of well-managed corporations have called in their

issues of preferred stock and issued new preferred stock carrying a lower dividend rate.

The controlling fact in the interpretation of these trusts is the expressed intent as disclosed by the language. "This language will be read in its entirety, and with the purpose of gathering from its general scheme, scope and character, and the nature of its provisions, what the intention was." *White* v. *Smith,* 87 Conn. 663, 668, 89 Atl. 272; *Strong* v. *Elliott,* 84 Conn. 665, 676, 81 Atl. 1020. An examination of the instruments creating all these trusts indicates that their creators had in mind the preservation of the funds until the termination of the trust and the procurement of a just income thereon. Security of principal and income is the first consideration in making investments by the trustee of the trust fund. Speculation is not permitted. Our statutes, based upon long experience, designate securities in which trustees may invest. General Statutes, 1937 Sup., § 776d, General Statutes, § 3995, as amended. Investments within those limits permit of great diversification and may be made in practically unlimited amount. In the instruments creating the trusts in question investments in securities authorized by the statutes were first referred to, then investments in certain stocks and bonds not on the statutory list, and, in addition thereto, the provisions as to preferred and common stocks which have been set forth above.

The four voluntary trusts created by Mary A. Bedford are dated May 5, 1917, December 4, 1926, December 11, 1926, and December 1, 1928. The voluntary trusts created by Edward T. Bedford are dated February 8, 1919, December 4, 1926, December 1, 1928, and he died May 21, 1931, leaving a will which created the testamentary trust. It is noteworthy that, while the first of these trusts was created in 1917, the

same provisions in regard to investments are carried through all of them. Stock without any nominal or stated par value was first authorized by statute in 1912 in New York. Between that year and 1931 the issuance of such shares received legislative sanction in all the states with the apparent exception of four. 11 Fletcher, Cyclopedia of Corporations, § 5090. In Connecticut, the issuance of such stock received legislative sanction in 1923. Public Acts, 1923, Chap. 168. Stocks without par value were common when some of these instruments were executed and yet no change was made in the language. While it is undoubtedly true, as found by the state referee, that common stocks without par value may be as well secured as those with stated par value, the creators of these trusts did not see fit in any of them to permit the trustee to invest in common stocks other than those mentioned in the instruments and those which had paid cash dividends upon the par value at the rate of not less than 4 per cent. for five years before the investment. For the court to construe the language of these instruments as suggested in the briefs of counsel for the parties, would be to permit the trustee to invest in stocks not authorized by the statutes for such investment to a greater extent than the persons who created the trusts directed. In effect it would be in this respect constructing altogether new trust instruments which the court might think to be better for the beneficiaries than those drawn by the persons who created the trusts themselves. There is nothing in the situation presented which warrants a deviation from the directions contained in the trust instruments. "The prime consideration for the exercise of the power to permit deviations from the rules which would otherwise control is the necessity for the preservation of the estate and not merely the administration of the trust

in a way to produce a greater benefit for its bene-
ficiaries." *Russell* v. *Russell*, 109 Conn. 187, 199, 145
Atl. 648.

The other question as propounded is quite narrow.
Where an issue of preferred stock has replaced an-
other, and there has been no change in the amount of
the issue, the only difference being that the second
issue bears a lower dividend rate, and the two com-
bined have paid full dividends for the prescribed
period, there has been no change in the security. Such
stock fully meets the requirements of all of the in-
struments. *Moeller* v. *English*, 118 Conn. 509, 519,
173 Atl. 389.

Our answer to question A is "Yes," and to question
B "No."

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.